IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Frank Zuki Soliz, | ) | Civil Action No.: 8:11-cv-00562-MBS-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Darlene Drew, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to overturn disciplinary sanctions allegedly imposed in violation of the Fifth and Fourteenth Amendments. [Doc. 1.] Specifically, Petitioner alleges his loss of good time credits violated due process, and he is innocent of the charge against him. [Doc. 1-1.] On September 29, 2011, Respondent filed a motion for summary judgment. [Doc. 41.] On September 30, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond. [Doc. 42.] Petitioner filed a motion for extension of time on October 11, 2011 [Doc. 45] and was given an additional 21 days to respond to Respondent's motion for summary judgment, making his response due November 25, 2011 [Doc. 47]. Petitioner failed to respond.

Because Petitioner is proceeding pro se, the Court filed a second Order on February 28, 2012, giving Plaintiff through March 19, 2012 to file his response to the motion for summary judgment. [Doc. 56.] On March 16, 2012, Petitioner filed a motion to appoint counsel. [Doc. 59.] On March 19, 2012, the Court denied Petitioner's motion to appoint counsel, reminded him of his duty to respond to the motion for summary judgment, and

gave him a final opportunity to respond, extending the response deadline to March 26, 2012. [Doc. 60.] Petitioner was specifically advised that his failure to respond could result in dismissal of this action for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Petitioner has failed to respond.

Based on the foregoing, it appears Petitioner no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's Orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

March 29, 2012
Greenville, South Carolina